### RHINES v. TOWN OF ROYALTON.

*(Supreme Court, General Term, Fifth Department. October 23, 1891.)*

**1. SPECULATIVE DAMAGES—DEFECTIVE HIGHWAYS—LIABILITY OF TOWNS—EVIDENCE.**
In an action against a town for damages caused by a defective highway, plaintiff's physician was questioned as to whether plaintiff's leg would ever be as well as before the accident. He answered that it would not, because at plaintiff's age the leg was nearly perfect, and the bone had not the same strength and elasticity as that of a younger person. *Held,* that the questions and answers did not make a case where the damages could be considered speculative, contingent, or merely possible. *Strohm* v. *Railroad Co.,* 96 N. Y. 305, distinguished.

**2. DEFECTIVE HIGHWAYS—LIABILITIES OF TOWN.**
The fact that certain money in the hands of the town's commissioner of highways was due for repairs already made on highways would not relieve the town of its liability to plaintiff, when the accident could have been averted if the commissioner had expended a trifling amount of such money in repairing the defect in the highway.

Appeal from special term, Niagara county.

Action by Thomas M. Rhines against the town of Royalton to recover for personal injuries caused by a defective highway. Verdict and judgment for plaintiff. At a special term defendant moved for a new trial, and from an order denying the motion it appealed. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*William C. Greene,* for appellant. *F. Brundage,* for respondent.

MACOMBER, J. When this case was before the court on the former appeal, (*Rhines* v. *Town of Royalton,* 11 N. Y. St. Rep. 231,) it was held that the evidence touching the infliction of the injuries upon the plaintiff made it incumbent upon the court to submit to the jury the question of the defendant's liability. At that hearing a new trial was granted, it is true, but upon

grounds entirely unconnected with the merits of the case.  The evidence upon the second trial does not materially differ from that which was offered upon the first trial, and, consequently, with the supposed errors eliminated from the case, the verdict of the jury must be deemed to have been supported by sufficient evidence, and the judgment entered thereon must be affirmed, unless certain exceptions now relied upon by the learned counsel for the appellant are of sufficient, import to require us to submit the case to another jury.  The injury was inflicted upon the plaintiff on April 10, 1882, on a highway in the town of Royalton which runs from Wolcottsville to Benedict's Ridge.  The plaintiff, who was in charge of a team with a wagon loaded with barley, on his way to market, was thrown to the ground by the sudden sinking of the forward wheel of the wagon into a deep hole in the road, which, throwing him to the ground, caused the breaking of his leg.  There is evidence from which the jury was justified in finding the rut or hole which caused the injury of such a character as to charge the commissioner of highways of the town of Royalton with negligence in failing to repair the defect, and also to absolve the plaintiff from the imputation of carelessness on his part in passing along the highway.  The argument, therefore, which is now addressed to us by the counsel for the appellant, that it was error for the court to deny his motion for a nonsuit at the close of the plaintiff's case in chief, and also to deny his motion for a direction of a verdict at the close of the whole evidence, cannot prevail upon the merits.

But it is argued by counsel for the appellant that the court was in error in submitting to the jury the question, generally, of the negligence of the defendant's commissioner of highways.  The point greatly relied upon is that the commissioner had not funds in his hands necessary to make the needed repairs, even admitting the condition of the highway was dangerous to public travel.  It is shown that he had received during the year the sum of $2,310.25 from the town for the necessary work of buying materials and making repairs of the highways and bridges in that town; that on the 4th of April, 1882, he had expended all of this sum except $77.29, which he reported as then being in his hands, but which, he claimed, was due on contracts which he had made for surveys and repairs on highways and bridges of the town.  It is shown that the expense of making needful repairs at the place where the plaintiff was injured would have been of trifling amount.  The position of the counsel for the defendant in this respect is untenable, because, if the highway was so out of repair as to be dangerous to travel, and the commissioner knew such fact, it was clearly his duty to expend a portion of the moneys in his hands in order to avert, what must have seemed to any person acquainted with the facts, any accident of the kind which resulted in the plaintiff's injury.  In our judgment, it is not any answer to the demand which the law placed upon the commissioner that he repair dangerous places in the highway to say that the moneys in his hands had been designed for payment upon ordinary contracts for work which, though proper, could not be deemed to be so urgently required as the demand made by the dangerous defect in the highway.  While, therefore, the town had raised a sum larger than that required by statute (2 Rev. St., 7th Ed., p. 1214) for its general expenditures for highways and bridges, and could not, consequently, be charged with negligence in failing to raise sufficient moneys to be expended by the commissioner of highways, it does distinctly appear that, of such liberal allowance made to the commissioner, the latter had sufficient funds to make the needful repairs in question.  It follows, therefore, that the principal contention made by the counsel must be deemed to be unsound.

There remain to be considered certain exceptions to the testimony and to the charge of the court.  These several exceptions have been examined in detail, and no one of them, as it seems to us, was well taken, and none of them hardly worthy of consideration, except the question relating to the medical

testimony given in behalf of the plaintiff. Dr. George Jackson was asked these questions: "*Question.* In your judgment, will he [the plaintiff] ever recover from it? (Objected to as being incompetent and speculative.) *Q.* From the nature of the injury, and from what you know of it, can you or can you not state whether or not this leg would ever recover and be as well as it was before? (Objected to same as before. Objection overruled, and defendant excepts.) *Answer.* No, sir. *Q.* You say it will not? *A.* I can't say. I wouldn't dare to attempt it. I can give you my opinion. Did you ask for that? *Q.* Yes. . (Objected to as incompetent.) *Q.* State whether or not, in your judgment, his leg will ever be as well as it was before this accident. *A.* At his age, I should think not. *Mr. Greene.* I object to that, same as before. Too remote, speculative, and not sufficient foundation laid for the evidence.· (Objection overruled, and defendant excepts.) *A.* At his age, I think not. *Q.* That is your judgment? *A.* Yes, sir; that is my judgment. *Q.* I want you to describe from your experience, and tell us why. (Objected to same as before, and as incompetent and· inadmissible. Objection overruled, and defendant excepts.) *A.* At his age there is not the strength and elasticity to the bone as there is in a younger person. The leg is nearly perfect now. *Q.* You have seen it lately? *A.* No;. I have not seen it, that I know of, in four years. I was testifying to the last I had seen it. I don't remember the depression in it at the point where the fracture was. There was a ridge, if I remember right, a bony union at the point of fracture at the last I saw of it. That will not always remain. It will pass away." These questions and answers do not, in our judgment, make a case where the evidence of damages can be considered as speculative, contingent, or merely possible, within the doctrine of *Strohm* v. *Railroad Co.*, 96 N. Y. 305. The doctor was asked for his judgment as a medical man. He gave it with much circumspection, considering the nature of the case and his connection with it.

But, even if the questions propounded to the doctor had called for merely hypothetical, speculative, or contingent evidence, it is obvious, from the amount of damages awarded by the jury, that the defendant was not harmed thereby. The order appealed from should be affirmed. Order denying new trial affirmed, with costs. All concur.